O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE ANGEL CEZARES-SANCHEZ,** | § | |
| *Petitioner*, | § | |
| | § | **CIVIL ACTION NO.  5:05-cv-00118** |
| v. | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent*. | § | |
| | § | |

**OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 3-1].  Upon due consideration of the pleadings, the record, and the governing law, the Court DISMISSES Petitioner's Motion. [Criminal No. L-01-661, Doc. No. 50].

**I.     Procedural Background**

On March 11, 2004, Petitioner pled guilty to possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, and was sentenced to 87 months imprisonment. [5:04-cr-00177, Doc. No. 16]. On May 23, 2005, Petitioner filed the § 2255 Motion now before the Court, claiming that he suffered ineffective assistance of counsel (1) because defense counsel "did not take the time to even explain the plea agreement in the most cursory fashion," [Doc. No. 4 at 4], and therefore Petitioner did not enter into the plea agreement "knowingly and voluntarily," [Doc. No. 4 at 5]; (2) because defense counsel failed to "meet and confer"

with Petitioner concerning the "positive and negative aspects of taking an appeal, [Doc. No. 1 at 2]; (3) because defense counsel failed to challenge Petitioner's sentence as unconstitutional under the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), [Doc. No. 4 at 3]; and (4) because counsel at sentencing "failed to present mitigating factors and to present mitigating evidence on behalf of Petitioner." [Doc. No. 1 at 2].

## II.     DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

### A.  Ineffective Assistance of Counsel Standard

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255". *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*; specifically, a party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Id.* at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. To the

extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

### B.  The Plea Agreement

Petitioner claims that defense counsel failed to "meet and confer" with him before he entered his guilty plea, [Doc. No. 1 at 2], and claims that defense counsel read the plea agreement to him in English, even though Petitioner understands only Spanish. [Doc. No. 4 at 5]. Thus, according to Petitioner, he did not enter into the plea agreement "knowingly and voluntarily." [Doc. No. 4 at 5]. The audio record of the plea colloquy belies his claim. Petitioner was under oath when he answered affirmatively the sentencing judge's question as to whether he had an opportunity to "go over" the terms of his plea agreement. The Court reasonably interprets Petitioner's affirmative answer as indicating that he discussed the plea agreement with his attorney in a manner that was coherent to him.

### C.  Defense Counsel's Failure to Inform Petitioner of His Appeal Rights

Petitioner next claims that he suffered ineffective assistance of counsel because his defense attorney "failed to meet and confer with [him] after his sentencing to discuss the positive and negative aspects of taking an appeal." [Doc. No. 1 at 2].

It is settled that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Even assuming for the moment that defense counsel's performance was defective per the first prong of *Strickland*, it is clear from the

3

record that Petitioner is not entitled to relief because he cannot show prejudice. In order to demonstrate prejudice in this context, a petitioner must show that had he "received reasonable advice from counsel about the appeal, he would have [in fact] instructed his counsel to appeal." *Id.* at 486. Petitioner fails to even *allege* that he would have so instructed his counsel to appeal. In fact, Petitioner filed a Notice of Non-Appeal on May 20, 2004, clearly indicating his desire not to appeal the district court's judgement. [5:04-cr-00177, Doc. No. 14]. Further, by signing the Notice, Petitioner necessarily confirmed that his decision was an informed one. Therefore, even if defense counsel's performance fell below an objective standard of reasonableness, Petitioner cannot show that he suffered prejudice as a result.

### D. Defense Counsel's Failure to Challenge the Constitutionality of Petitioner's Sentence

Petitioner further contends that he suffered ineffective assistance when defense counsel "failed to file a notice of appeal on Petitioner's behalf" for the purpose of challenging his sentence as unconstitutional under the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Court held that "any fact other than a prior conviction that was necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, [must be either] admitted by a defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. The Court also held unconstitutional the application of the Federal Sentencing Guidelines as mandatory, and admonished sentencing courts to treat the Guidelines as "advisory" instead. *Id.* at 264.

As a preliminary matter, Petitioner fails to allege any facts regarding the manner in which the district court imposed sentence that might give rise to a genuine *Booker* issue.

4

However, notwithstanding the forgiving pleading standard to which *pro se* petitioners are held, Petitioner's *Booker* argument is wholly without merit. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* pleadings are held to a "less stringent standard[] than formal pleadings drafted by lawyers"). The Court in *Booker* limited the retroactivity of its holding to "cases pending on direct review" and judgements which were "not yet final" at the time the decision was handed down. *Booker*, 543 U.S. at 268. This Court entered judgment in Petitioner's case on June 4, 2004. [Doc. No. 16]. The Court's judgment became final long before the Supreme Court handed down its opinion in *Booker*. The constitutional mandate announced in *Booker* clearly does not apply to Petitioner's sentence. Thus, Petitioner cannot demonstrate that defense counsel's performance fell below an objective standard of reasonableness merely because he failed to advance an argument so clearly at odds with established law.

### E.  Defense Counsel's Failure to Advance Mitigation Arguments

Lastly, Petitioner argues that he suffered ineffective assistance because defense counsel "failed to argue mitigating factors and to present mitigating evidence" on his behalf. [Doc. No. 1 at 2]. First, Petitioner is factually incorrect. The audio record reveals that defense counsel, at the plea colloquy, argued that Petitioner's sentence should correspond to his relatively less culpable role in the offense for which he was convicted. Additionally, even if defense counsel did fail to present mitigating evidence at sentencing, Petitioner cannot demonstrate prejudice, as he has failed to allege any mitigating factor which, if presented to the Court, could possibly have influenced the sentence imposed.

In sum, it "plainly appears" based on the record as it now stands that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2255 Proc. R. 4(b). Therefore, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

IT IS SO ORDERED.

DONE this 2nd day of August, 2006, in Laredo, TX.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**